UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAZON LOGISTICS, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MANN BROS. TRANSPORT INC.,<br><br>　　　　　Defendant.<br> | No. 1:19-cv-01060-DAD-SAB<br><br>ORDER DENYING MOTION TO WITHDRAW AS ATTORNEY FILED BY COUNSEL FOR DEFENDANT AND COUNTER CLAIMANT MANN BROS. TRANSPORT, INC.<br><br>(Doc. No. 17) |
| MANN BROS. TRANSPORT INC.,<br><br>　　　　　Counter Claimant,<br><br>　　v.<br><br>AMAZON LOGISTICS, INC.,<br><br>　　　　　Counter Defendant. | |

　　This matter is before the court on the motion to withdraw as attorney filed by HBG Law, counsel of record for defendant and counter-claimant Mann Bros. Transport Inc. ("defendant") on January 5, 2020. (Doc. No. 17.) Pursuant to Local Rule 230(g), the court found this matter suitable for a decision on the papers and took it under submission on January 30, 2020. (Doc. No. 20.)

/////

Having considered the motion and for the reasons set forth below, the court will deny HBG Law's motion to withdraw as counsel of record for defendant, without prejudice.

**BACKGROUND**

On July 31, 2019, plaintiff and counter-defendant Amazon Logistics, Inc. ("plaintiff") filed a complaint against defendant asserting claims of conversion, replevin, and declaratory relief. (Doc. No. 1.) Specifically, plaintiff seeks possession of a certain trailer that it owns and that was allegedly left on defendant's premises for unknown reasons by a third-party motor carrier who had possession of the trailer. (*Id*. at 2–3.) On August 28, 2019, defendant answered the complaint and filed a counterclaim against plaintiff. (Doc. No. 10.) Though not entirely clear what counterclaims are asserted, defendant alleges that it operates a towing service and that the trailer was abandoned on defendant's property, for which defendant charged storage fees and incurred lost revenues that it could have obtained from storing other vehicles on its premises. (*Id*. at ¶¶ 4–5.)

On January 5, 2020, HBG Law filed a motion to withdraw as counsel for defendant in this action on the grounds that their communications and attorney-client relationship had broken down; defendant had violated their retainer agreement by not timely paying HBG Law's invoices and by not cooperating with HBG Law. (Doc. No. 17.)

On January 17, 2020, plaintiff filed a response to the pending motion stating that plaintiff does not oppose the granting of HBG Law's motion to withdraw. (Doc. No. 19.) However, plaintiff requests that defendant be required to obtain counsel within fourteen days of any order by this court granting the pending motion. (*Id*.) Further, plaintiff asserts that if defendant fails to obtain substitute counsel within the allotted time, then defendant "should be deemed in default and its counterclaim should be dismissed." (*Id*.)

On April 15, 2020, the court informed the parties it had concerns about the lack of detail provided by HBG Law in its moving papers regarding its reasons for seeking leave to withdraw. (Doc. No. 22.) Because HBG Law stated in its moving papers that it could provide "[d]etailed information regarding the history and significance of the breakdown of the relationship between HBG Law and defendant," the court requested that HBG Law file any supplemental briefing it

wished to submit by April 30, 2020. (*Id.*; *see also* Doc. No. 17-1 at 3.)[1] That deadline has since passed, and to the court's surprise given its prior representation to the court, HBG Law did not file any supplemental brief or declaration.

## LEGAL STANDARD

The decision to grant or deny an attorney's motion to withdraw is ultimately committed to the discretion of the trial court. "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (citing *Nat'l Career Coll., Inc. v. Spellings*, No. 1:07-cv-00075-HG-LK, 2007 WL 2048776, at *2 (D. Haw. July 11, 2007)); *see also CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

In addition to these factors, withdrawal of counsel is governed by the Local Rules of this court where, as here, withdrawal of counsel would leave the client unrepresented. In this regard, Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

L.R. 182(d). Further, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules."

---

[1] In the declaration supporting HBG Law's motion to withdraw, attorney Harry B. Gill declared that "poor attorney-client communication and lack of compliance have impaired HBG Law's ability to function properly and have caused HBG Law unreasonable difficulty." (Doc. No. 17-2 at ¶ 10.) Attorney Gill further declared that he "will not set forth here the specifics of defendant's lack of responsiveness and compliance in light of California Rules 1.19, which governs an attorney's obligation to avoid disclosure of confidential information," and that at the court's request, he "will amplify and explain my statements . . . *in camera*." (*Id.*)]

3

*Id*. Rule 1.16 of the California Rules of Professional Conduct provides several grounds upon which an attorney may seek to withdraw, including when: (i) the client's conduct "renders it unreasonably difficult for the lawyer to carry out the representation effectively"; and (ii) "the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation." Cal. R. Prof. Conduct 1.16(b)(4)–(5).  However, representation shall not be terminated until the attorney "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel." Cal. R. Prof. Conduct 1.16(d).

District courts in this circuit recognize that "[i]t is the duty of the trial court to see that the client is protected, so far as possible, from the consequences of an attorney's abandonment." *CE Resource*, 2009 WL 3367489, at *2 (denying motion to withdraw where corporation would be left unrepresented by counsel); *see Caveman Foods, LLC v. Payne's Caveman Foods, LLC*, No. 2:12-cv-01112-WBS-CKD, 2015 WL 6736801, at *2, *5 (E.D. Cal. Nov. 4, 2015) (same).  As the court explained in *Caveman Foods*,

> Before permitting counsel to withdraw, it is also this court's practice to ensure that the client understands and assents to the consequences of being unrepresented by counsel.  Where the client is a corporation or unincorporated association, those consequences are dire.  While individuals may appear *in propria persona*, corporations and other entities may appear only through an attorney; an unrepresented entity cannot file any pleadings, make or oppose any motions, or present any evidence to contest liability.  *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993); *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004); E.D. Cal. L.R. 183(a) ["A corporation or other entity may appear only by an attorney."].  An unrepresented entity is thus subject to the entry of default and default judgment. *See Emp. Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007).

*Caveman Foods*, 2015 WL 6736801, *2.  Similarly, in *Arch Ins. Co. v. Sierra Equip. Rental, Inc.*, No. 2:12-cv-00617-KJM-KJN, 2016 WL 829208, at *2 (E.D. Cal. Apr. 15, 2016), the court denied counsel's motion to withdraw because counsel had not taken reasonable steps to avoid prejudice to his corporate client, since his withdrawal would place his client "in immediate

4

violation of the local rules as it would no longer have counsel to represent it" and "[a]s an unrepresented corporation, [his client] could not file any pleadings, make or oppose any motions, or present any evidence, and would thus be subject to the entry of default and default judgment."

## ANALYSIS

Here, HBG Law moves to withdraw as counsel for defendant—a corporation—on the grounds that defendant "has failed to respond to and comply with HBG Law, it has become unreasonably difficult for HBG Law to carry out effective representation, and that defendant has not promptly paid HBG Law invoices and expenses . . . ." (Doc. No. 17 at 1.)  HBG Law asserts that termination of its attorney-client relationship with defendant is necessary because their communications have "broken to the point where counsel is not able to provide defendant with the standard of legal service HBG Law is comfortable with," and defendant has violated its written retainer agreement with HBG Law by failing "to cooperate with HBG Law in the preparation and conduct of this matter" and by failing "to pay HBG Law's invoices in a timely way." (Doc. No. 17-1 at 2.)

Attorney Harry B. Gill submitted a declaration stating that his office, HBG Law, was retained by defendant on August 5, 2018 to represent it in this action.[2]  (Doc. No. 17-2 at ¶ 4.) According to attorney Gill, it became apparent to HBG Law within a few weeks of filing defendant's answer that it could not effectively and professionally represent defendant unless their attorney-client relationship was greatly improved. (*Id*. at ¶ 6.)  On November 11, 2019, HBG Law gave written and oral notice to defendant of its intention to withdraw unless communication and cooperation were greatly improved, and payment arrangements were made. (*Id*. at ¶ 7; Doc. No. 17-1 at 2.)  Specifically, attorney Gill declares that during a telephone conference on November 11, 2019, he told Mr. Manjinder Mann, defendant's President and HBG Law's designated point of contact with defendant, that defendant would need to "become more

---

[2] Although attorney Gill's declaration states that HBG Law was retained in August 2018, it appears that 2018 is a typographical error, and that HBG Law was retained in August 2019.  In its counterclaim, defendant alleges that "[p]laintiff's vehicle was abandoned on Defendant's property on or about December 31, 2018." (Doc. No. 10 at 6.)  The abandonment of the trailer is what led to this lawsuit and the filing of plaintiff's complaint on July 31, 2019. (Doc. No. 1.)

responsive to and compliant with HBG Law's requests and advice" and "pay invoices as they came due, and set forth a payment schedule for outstanding invoices." (Doc. No. 17-2 at ¶¶ 8, 12.) Attorney Gill declares that "Mr. Manjinder Mann indicated he would think over the payment or retain new counsel." (*Id*. at ¶ 13.)

On December 13, 2019, attorney Gill telephoned and emailed Mr. Mann to inform him that HBG Law would be filing a motion to withdraw; he also mailed and emailed a copy of the motion papers to Mr. Mann at his last known address, which attorney Gill provided in his declaration. (*Id*.) Accordingly, the court finds that HBG Law has complied with the notice requirements in Local Rule 182(d). The court now turns to evaluate whether HBG Law has made a sufficient showing to warrant its withdrawal as defendant's counsel in this action.

First, as to the reasons for withdrawal, it appears to the court the HBG's primary reason for seeking withdrawal is defendant's refusal to timely pay its invoices, which violates their retainer agreement and imposes an "unfair burden for HBG Law to have such a large outstanding non-payment." (*See* Doc. No. 17-1 at 3.) While some courts recognize that a client's failure to pay attorneys' fees may constitute good cause for withdrawal, *see Advanced Steel Recovery, LLC v. X-Body Equip., Inc.*, No. 2:16-cv-00148-KJM-EFB, 2019 WL 5063460, at *2 (E.D. Cal. Oct. 9, 2019), here the court finds that defendant's failure to pay HBG Law's invoices, on balance with the other factors, is not sufficient to warrant withdrawal in this case. In addition, "prejudice to a party's counsel is not one of the factors traditionally weighed by courts in considering motions to withdraw." *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 1:09-cv-01184-AWI-SKO, 2011 WL 1087117, at *2 (E.D. Cal. Mar. 24, 2011). Thus, the court is not persuaded by HBG Law's argument that withdrawal is appropriate because it now bears an undue burden of a large outstanding non-payment and "it would be materially harmed if forced to remain in the case, while being unpaid . . . ." (Doc. No. 17-1 at 3, 4.)

HBG Law also asserts in conclusory fashion that defendant has made it "unreasonably difficult for HBG Law to carry out effective representation" but does not explain how or provide any further detail. (*See* Doc. No. 17 at 1.) Similarly, HBG Law asserts that communications with defendant have broken down, but does not provide the court with any specifics as to how or in

6

what ways HBG Law's attempts at communication have failed, other than advising defendant that it needed to "become more responsive to and compliant with HBG Law's requests and advice." (*See* Doc. No. 17-2 at ¶ 8.)  The court finds that HBG Law's conclusory assertions that there was a communications breakdown is not sufficient to warrant withdrawal.  *See McNally*, 2011 WL 1087117, at *2 (denying motion to withdraw and noting that "[w]hile the attorney-client privilege prevents [counsel] from setting forth details regarding the communication breakdown on the record, he vaguely states that '[c]ommunication with Defendants in one respect has been hindered and proven impossible in others,' and makes no attempt to request to file a sealed declaration regarding these events").  Moreover, the court provided HBG Law with ample opportunity to submit additional information, and it apparently chose not to do so.  (*See* Doc. No. 22.)

Second, as to prejudice that HBG Law's withdrawal may cause other litigants, the court notes that plaintiff does not oppose the pending motion or otherwise assert that it will suffer any prejudice from the court's granting of the pending motion. (Doc. No. 19.)  HBG Law asserts in its moving papers that neither litigant will be prejudiced by its withdrawal because "formal discovery has not occurred," "defendant has not fully completed discovery or preparation for trial in this case," and defendant "will have sufficient time to retain new counsel and still meet all of the deadlines set forth" by the court.  (Doc. No. 17-1.)  However, while those arguments may have carried some weight when HBG Law filed its motion on January 5, 2020, they no longer do.  According to the amended scheduling order issued by the court on November 20, 2019, the following deadlines now apply in this action:  non-expert discovery closed on March 13, 2020, expert disclosures were due by April 19, 2020, supplemental expert disclosure is due by May 15, 2020, expert discovery closes on June 19, 2020, and dispositive motions, if any, must be filed by September 18, 2020. (Doc. No. 15.)  The pretrial conference is currently scheduled for December 7, 2020, with a jury trial set for January 26, 2021.  (*Id*.)  HBG Law chose not to provide the court with supplemental briefing, in which it could have addressed the prejudice factor in light of the current status of the case.  Given these deadlines and the lack of additional information regarding the status of discovery or anticipated motion practice, the court is not persuaded that there would be no prejudice to the litigants by HBG Law's withdrawal.

Third, as to harm that HBG's withdrawal might cause to the administration of justice, and fourth, as to delay, HBG Law asserts that its reasons for withdrawal are not tactical or designed to delay the case. (Doc. No. 17-1 at 4.) To the contrary, HBG Law asserts that its withdrawal "could only have a beneficial effect and might lead to an efficient resolution . . .," in part because defendant and HBG Law have not been able to discuss settlement. (*Id*.) However, here again HBG Law has failed to provide the court with any specifics about the communication difficulties or an update as to the status of this litigation. Thus, the court is not able to assess the extent to which the administration of justice may be harmed or the degree to which resolution of this case will be delayed by HBG Law's withdrawal.

Accordingly, the court finds that consideration of the factors weighs against granting HBG Law's motion to withdraw.

In addition, HBG Law has left many questions unanswered, which itself is cause for concern. HBG Law does not address the fact that defendant is a corporation and cannot represent itself. HBG Law wholly ignores the prejudice that defendant will face as a result of its withdrawal—"those consequences are dire" as an "unrepresented entity is [] subject to the entry of default and default judgment." *See Caveman Foods*, 2015 WL 6736801, *2. HBG Law also does not describe how it has "taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of [its] client." *See* Cal. R. Prof. Conduct 1.16(d). It is not clear to the court whether HBG Law advised defendant about the consequences of its withdrawal, and about the need to retain substitute counsel. Rather, attorney Gill declares that defendant "advised HBG Law that if it did not pay the invoice it would retain substitute counsel to act for it in the matter." (Doc. No. 17-2 at ¶ 16.) But attorney Gill does not clarify when that communication occurred, or whether he actually spoke to defendant on December 13, 2019 when he telephoned (as opposed to leaving a voicemail), or whether defendant responded to his email notifying defendant that HBG Law would file the pending motion. Attorney Gill merely declared that he believes defendant "will not object to HBG Law's withdrawal from this case." (*Id*. at ¶ 17.) Because HBG Law did not provide the court with any additional or updated information, the court is unaware of whether HBG Law has had any communication with defendant since the filing of the pending motion to

8

withdraw, whether defendant would consent to or oppose HBG Law's withdrawal, and whether defendant understands that it would need to obtain substitute counsel.  The court will not relieve HBG Law of its responsibilities to its client absent a showing that it has made diligent efforts to ensure that defendant has been advised of the need to obtain substitute counsel and of the consequences defendant may face—including default judgment—if substitute counsel is not obtained.

Thus, given the prejudice that defendant may suffer, the court finds that HBG Law has not made a sufficient showing that withdrawal is warranted here.

## CONCLUSION

For the reasons set forth above, HBG Law's motion to withdraw as counsel of record for defendant (Doc. No. 17) is denied without prejudice to HBG Law refiling a motion to withdraw if it cures the defects identified by the court in this order.

IT IS SO ORDERED.

Dated:  __**May 6, 2020**__  _____
UNITED STATES DISTRICT JUDGE