UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAZON LOGISTICS, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>MANN BROS. TRANSPORT INC.,<br><br>  Defendant.<br> | No. 1:19-cv-01060-DAD-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. No. 26) |
| MANN BROS. TRANSPORT INC.,<br><br>  Counter Claimant,<br><br>  v.<br><br>AMAZON LOGISTICS, INC.,<br><br>  Counter Defendant. | |

This matter is before the court on the motion for summary judgment filed by plaintiff and counter-defendant Amazon Logistics, Inc. ("plaintiff" or "Amazon") on September 18, 2020. (Doc. No. 26.) Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 pandemic, plaintiff's motion was taken under submission on the papers. (Doc. No. 29.) For the reasons explained below, the court will deny the pending motion for summary judgment.

1

# BACKGROUND

**A.     Factual Background**[1]

Plaintiff is the registered owner of a certain 2019 Hyundai Trailer vehicle (the "Trailer"). (UF ¶ 1.) A third-party motor carrier was in possession of the Trailer in December 2018, and for unknown reasons, left the Trailer on the premises of defendant and counter-claimant Mann Bros. Transport Inc. ("defendant" or "Mann Bros."), a truck parking lot and tow service operator. (UF ¶ 4; Doc. No. 10 at ¶ 8.) The Trailer stayed on defendant's property for approximately seven months. (UF ¶ 5.)[2]

On June 14, 2019, plaintiff received a California Civil Code § 3071 "Notice of Pending Lien Sale for Vehicle Valued Over $4,000" dated May 29, 2019 from "Nancy's Lien Sale Service" as agent for lienholder Mann Bros., notifying plaintiff, as the registered owner of the

---

[1] The relevant facts that follow are derived primarily from plaintiff's statement of undisputed facts (Doc. No. 26-2 ("UF")). In opposing the pending motion, defendant did not admit or deny that these facts are undisputed, as required by Local Rule 260, which provides that:

> Any party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial.

Local Rule 260(b).

[2] In its opposition to the pending motion, defendant states that it "attempted on numerous occasions to contact plaintiff via email and letter regarding the improper storage and abandonment of the [Trailer]" and "attempted to notify plaintiff and provided notice of the accruing storage charges and requested on numerous occasions that plaintiff remove the [Trailer]." (Doc. No. 32 at 2.) However, defendant does not substantiate this assertion with any admissible evidence. Defendant cites only to an exhibit attached to its opposition brief, which appears to be an email dated February 8, 2019 from Manjinder Mann to "roc-trailer-team@amazon.com," stating: "This email is regarding unauthorizedly parked Amazon Trailer V505106 [the Trailer] at our property in Modesto CA. Please have someone responsible for this Trailer call us ASAP at [phone number] or reply back to this email." (Doc. No. 32 at 10.) Defendant did not authenticate this email with an affidavit or declaration from Manjinder Mann or anyone else with personal knowledge of this email, nor did defendant explain on what basis it believed the recipient email address belonged to plaintiff. Moreover, defendant did not submit any affidavit, declaration, authenticated record, or testimony to substantiate its assertion that it made "several attempts" on "numerous occasions" to contact plaintiff.

1    Trailer, that the Trailer would be sold at a lien sale on June 28, 2019 ("the Lien Sale Notice").

2    (UF ¶ 6; Doc. No. 26-1 at 11.) According to plaintiff, it first became aware that the Trailer was

3    on defendant's property when it received the Lien Sale Notice on June 14, 2019. (UF ¶ 6.)

4          The Lien Sale Notice included a section titled "Purpose of a Lien Sale," which stated that

5    "[a] Lien Sale under Chapter 6.5 of the California Civil Code is held for the purpose of satisfying

6    an unpaid towing, storage, or repair bill." (Doc. No. 26-1 at 11.) The Lien Sale Notice also

7    included a section titled "How to Redeem the Vehicle," which stated that "the vehicle may be

8    redeemed by paying the lien amount to the lienholder before the sale date; however, a vehicle

9    sold under Civil Code [§] 3071 . . . must be held available by the lienholder for redemption for 10

10   days after the sale date." (*Id.*; UF ¶ 8.) At the top of the Lien Sale Notice form, there are boxes

11   for the lienholder to check to indicate on what authority this particular lien sale is authorized.

12   (Doc. No. 26-1 at 11.) The Lien Sale Notice had the box checked indicating that the lienholder

13   had the authority to hold the lien sale of the Trailer based on "[a] letter of authorization from the

14   [Department of Motor Vehicles ("DMV")]." (*Id.*) The Lien Sale Notice neither stated the

15   amount of the lien or the amount of any unpaid storage bills, nor was there a designated place on

16   the lien sale notice for the lienholder to have filled in that information. (*Id.*)

17         According to plaintiff, it timely exercised its right of redemption within ten days after the

18   sale date of June 28, 2019 by sending defendant's agent, Nancy Lien Sale Services, a redemption

19   notice letter dated July 8, 2019 by email, fax, and U.S. mail ("the Redemption Notice"). (UF ¶ 9;

20   Doc. No. 26-1 at 14.) The Redemption Notice stated:

21
22         Amazon is the registered and legal owner of the Trailer. Amazon is
           informed that the Trailer was exposed to a lien sale on June 28,
23         2019, conducted by your company on behalf of Mann Bros.
           Transport Inc. Please be advised that, pursuant to California Civil
24         Code § 3071(k), Amazon hereby exercises its right of redemption to
           recover the Trailer. Please contact me with your payment
25         instructions to satisfy the lien, which, per California Civil Code
           § 3068(c), shall not exceed $1,250.

26   (Doc. No. 26-1 at 14.) Defendant does not dispute its receipt of the Redemption Notice but

27   alleges in its counterclaim that the Redemption Notice is "invalid" because it "incorrectly cites

28   California Civil Code § 3068(c) for its redemption maximum amount." (Doc. No. 10 at 7, ¶ 11.)

According to plaintiff, "on July 12, 2019, an individual named 'Ernie' contacted plaintiff's counsel and informed counsel that the Trailer would not be released for less than $19,000.00," though to substantiate this purported fact, plaintiff Amazon cites only to its allegation in paragraph 14 of the complaint, which was denied by defendant in its answer. (UF ¶ 11; Doc. No. 10 at 3, ¶ 14.) Plaintiff did not submit an affidavit or declaration from its counsel attesting to this alleged contact from "Ernie." Although, as noted above, defendant did not file a response to plaintiff's statement of undisputed facts at all, let alone dispute this particular fact. In addition, defendant does not address this purported contact from "Ernie" in its opposition to the pending motion.

Due to defendant's refusal to release the Trailer, plaintiff filed the complaint initiating this action on July 31, 2019. (UF ¶ 12; Doc. No. 1.) On August 27, 2019, the day before filing its answer to the complaint, defendant sold the Trailer to an individual named Jasjit Singh Gill for $10,000.00.[3] (UF ¶¶ 14, 16.) According to plaintiff, the value of the Trailer at the time of that sale was $28,566.00. (UF ¶ 17.) To support this valuation, plaintiff submits the declaration of its financial analyst Chris Marsh, who declared that "[t]he value of the Trailer at the time of conversion was $28,566.00," but he did not provide any information or explanation as to how he arrived at that valuation. (UF ¶ 17; Doc. No. 26-3 at 3.)

**B.    Procedural Background**

On July 31, 2019, plaintiff filed a complaint against defendant asserting the following three claims: (1) replevin, (2) conversion, and (3) declaratory relief. (Doc. No. 1.) Plaintiff's complaint prayed for the following relief: possession of the Trailer, damages, and a declaratory judgment that plaintiff is the sole and proper owner of the Trailer and entitled to possession thereof. (*Id.* at 5.) On August 28, 2019, defendant answered the complaint and filed a counterclaim against plaintiff. (Doc. No. 10.) Though not entirely clear what counterclaims are asserted, defendant alleges that "Plaintiff's willful disregard and negligence to remove the Trailer

---

[3] The court observes that plaintiff's sale of the Trailer to Jasjit Singh Gill was consummated the day before defendant filed its answer to plaintiff's complaint in which plaintiff seeks possession of the Trailer as relief.

4

caused storage to accrue and impose on Defendant's ability to store other vehicles on the property" (*id.* at 6–7, ¶ 7), and that "due to Plaintiff's negligence, Defendant has incurred legal expenses to defend this action; collect and pay lien sale administration fees and lose viable and space on its property" (*id.* at 7–8, ¶ 15). Through its counterclaim, defendant seeks damages of $14,466.05 (consisting of the accrued storage fees for storage from January 1, 2019 through August 13, 2019 at a daily rate of $100, the administrative fee, and the vehicle release fee, all totaling $24,466.05, less the $10,000.00 in proceeds from the lien sale) plus interest and attorneys' fees and costs. (*Id.* at 8, 11.)

On September 18, 2019, plaintiff answered defendant's counterclaim. (Doc. No. 11.)

On January 5, 2020, attorney Harry B. Gill moved to withdraw as counsel for defendant, which the court denied without prejudice on May 6, 2020. (Doc. Nos. 17, 25.)

On September 18, 2020, plaintiff Amazon filed the pending motion for summary judgment, seeking judgment in its favor and against defendant on all of plaintiff's claims, and requesting dismissal of defendant's counterclaim with prejudice. (Doc. No. 26.) On October 28, 2020, defendant filed an opposition to the pending motion. (Doc. No. 32.) On November 9, 2020, plaintiff filed its reply thereto. (Doc. No. 36.)

**LEGAL STANDARD**

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

In summary judgment practice, the moving party "initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

1    Fed. R. Civ. P. 56(c)(1)(A), (B). When the non-moving party bears the burden of proof at trial, as
2    plaintiff does here, "the moving party need only prove that there is an absence of evidence to
3    support the non-moving party's case." *Oracle Corp.*, 627 F.3d at 387 (citing *Celotex*, 477 U.S. at
4    325); *see also* Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, after
5    adequate time for discovery and upon motion, against a party who fails to make a showing
6    sufficient to establish the existence of an element essential to that party's case, and on which that
7    party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322. "[A] complete failure of
8    proof concerning an essential element of the nonmoving party's case necessarily renders all other
9    facts immaterial." *Id.* at 322–23. In such a circumstance, summary judgment should be granted,
10   "so long as whatever is before the district court demonstrates that the standard for the entry of
11   summary judgment . . . is satisfied." *Id.* at 323.

12   If the moving party meets its initial responsibility, the burden then shifts to the opposing
13   party to establish that a genuine issue as to any material fact actually does exist. *See Matsushita*
14   *Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the
15   existence of this factual dispute, the opposing party may not rely upon the allegations or denials
16   of its pleadings but is required to tender evidence of specific facts in the form of affidavits or
17   admissible discovery material in support of its contention that the dispute exists. *See* Fed. R. Civ.
18   P. 56(c)(1); *Matsushita*, 475 U.S. at 586 n.11; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773
19   (9th Cir. 2002) ("A trial court can only consider admissible evidence in ruling on a motion for
20   summary judgment."). The opposing party must demonstrate that the fact in contention is
21   material, i.e., a fact that might affect the outcome of the suit under the governing law, *see*
22   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec.*
23   *Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the
24   evidence is such that a reasonable jury could return a verdict for the non-moving party, *see*
25   *Anderson*, 477 U.S. at 250; *Wool v. Tandem Computs. Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

26   In the endeavor to establish the existence of a factual dispute, the opposing party need not
27   establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual
28   dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at

trial." *T.W. Elec. Serv.*, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (citations omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all inferences supported by the evidence in favor of the non-moving party." *Walls v. Cent. Contra Costa Cty. Transit Auth.*, 653 F.3d 963, 966 (9th Cir. 2011). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

## DISCUSSION

**A.   Plaintiff's Motion for Summary Judgment**

Plaintiff argues that it is entitled to judgment as a matter of law on its claims because the undisputed evidence establishes that defendant refused to release the Trailer despite plaintiff's timely exercise of its redemption right in accordance with Civil Code § 3071, and thus defendant unlawfully and wrongfully possessed and sold the Trailer. (Doc. No. 26 at 6–7.) Defendant contends that "genuine disputes as to material facts remain unresolved" but identifies none. (Doc. No. 32 at 3.) Defendant merely lists a few legal issues: "whether possession by defendant was indeed wrongful; whether plaintiff did or did not effectively redeem [the] Trailer in accordance with the procedure(s) set out in California Civil Code § 3071; whether plaintiff or plaintiff's agent willfully or negligently abandoned [the] Trailer onto Defendant's property." (*Id.*) In addition, as noted above, defendant did not comply with Local Rule 260(b)'s requirement that it reproduce plaintiff's statement of undisputed facts and admit the undisputed facts and deny those that are disputed. Notably, defendant did not cite to or submit *any* admissible evidence whatsoever, whether to support its own version of the events or to contest plaintiff's version.

/////

Because plaintiff's claims turn on whether plaintiff properly exercised its right to redeem the Trailer in accordance with the applicable provisions of the California Civil Code, the court will first address that question.

### 1. California Law Governing Lien Sales of Vehicles and Redemption

Liens on vehicles are governed by chapter 6.5 of Title 14 of the California Civil Code. Cal. Civ. Code §§ 3067–74; *see also People v. Maadarani*, No. C073747, 2016 WL 5940319, at *1 (Cal. Ct. App. Oct. 13, 2016) (noting that "[t]he law surrounding [vehicle] lien sales . . . is an obscure little backwater area of the law" and one that most people do not understand) (internal quotations omitted). There are specific provisions for certain types of liens and lienholders. For example, § 3068.1 governs liens on vehicles by towing providers who are legally entitled to compensation for "towing, storage, or labor associated with recovery or load salvage" of those vehicles, with that type of lien being deemed to arise "when the vehicle is removed and is in transit, or when vehicle recovery operations or load salvage operations have begun." *See* Cal. Civ. Code § 3068.1(a)(1). Whereas, § 3068 governs liens on vehicles by a person who is legally entitled to compensation for "making repairs or performing labor upon, and furnishing supplies or materials for, and for the storage, repair, or safekeeping of, and for the rental of parking space for" those vehicles. Cal. Civ. Code § 3068(a). These types of liens are commonly referred to as "garageman's liens." *See Adams v. Dep't of Motor Vehicles*, 11 Cal. 3d 146, 149 (1974). Section 3068 specifies that such liens "shall be deemed to arise at the time a written statement of charges for completed work or services is presented to the registered owner or 15 days after the work or services are completed, whichever occurs first." (*Id.*)

Lienholders can conduct lien sales of the vehicles to satisfy the unpaid lien. Section 3071 provides for lienholders to conduct a lien sale of vehicles valued above $4,000 and details the procedure and requirements for doing so. Cal. Civ. Code § 3071. If a lienholder does not comply with the provisions of chapter 6.5, including the requirements of § 3071, then any lien sale pursuant to § 3071 "shall be void." *Id.* § 3071(*l*). A lienholder must submit an application for authorization to conduct a lien sale to the DMV detailing certain information about the vehicle, the registered owners (if known or ascertainable from certificates within the vehicle), and "[a]

8

statement of the amount of the lien and the facts that give rise to the lien." *Id.* § 3071(a). Upon receipt of the application, the DMV shall (1) notify another state's vehicle registry agency of the pending lien sale if the vehicle bears indicia that it is registered in that other state, and (2) mail a notice, a copy of the application, and a return envelope, to the registered and legal owners of the vehicle and to any other persons whose name and address is listed in the application. *Id.* § 3071(b). That notice must state that an application has been made with the DMV for authorization to conduct a lien sale, that the registered and legal owner has a right to a hearing in court, and that "[i]f a hearing in court is desired, a Declaration of Opposition form, signed under penalty of perjury, shall be signed and returned to the department within 10 days of the date that the notice . . . was mailed." *Id.* § 3071(c). If that signed form is timely returned, then the lienholder cannot sell the vehicle unless the lienholder files a court action and obtains a court judgment in its favor. *Id.* § 3071(d). Upon receipt of authorization to conduct the lien sale from the DMV, the lienholder must give notice of the sale (by advertising the sale in the newspaper or posting the notice in town) and must mail the notice of pending lien sale form to the registered and legal owners of the vehicle. *Id.* § 3071(f).

Section 3071(k) provides for redemption of the vehicle as follows:

> Within 10 days after the sale of any vehicle pursuant to this section, the legal or registered owner may redeem the vehicle upon the payment of the amount of the sale, all costs and expenses of the sale, together with interest on the sum at the rate of 12 percent per annum from the due date thereof or the date when that sum was advanced until the repayment. If the vehicle is not redeemed, all lien sale documents required by the [DMV] shall then be completed and delivered to the buyer.

*Id.* § 3071(k).

The proceeds of a vehicle lien sale are disposed of by first paying to the lienholder the amount necessary to discharge the lien and the cost of processing the vehicle, and then second, forwarding the remaining balance, if any, to the DMV. Cal. Civ. Code § 3073.

/////

/////

/////

9

Depending on the type and circumstances of the lien, and the actions taken by the lienholder, there are certain statutory limits on the lien amount.[4]  "Any lien for fees or storage charges for parking and storage of a motor vehicle shall be subject to Section 10652.5 of the Vehicle Code." *Id.* § 3071(*l*).  As to the rate that can be charged for parking/storage, § 10652.5 of the Vehicle Code provides that "[a]ll storage and towing fees charged to a legal owner of a motor vehicle shall be reasonable," and that such "fees are presumed to be reasonable if they comply with subdivision (c) of Section 22524.5" of the Vehicle Code.[5]  Cal. Veh. Code § 10652.5(d).  As to length of the storage period, § 10652.5 provides that, if "the name and address of the legal owner of a motor vehicle is known, or may be ascertained from the registration records in the vehicle or from the records of the [DMV]," then fees for parking and storage of a vehicle can only be charged for the first 15 days of possession.  *Id.* § 10652.5(a).  But, if the lienholder sends written notice to the legal owner by certified mail, return receipt requested, then fees for parking and storage can also be charged for the period commencing three days after sending that written notice and "continuing for a period not to exceed any applicable time limit set forth in Section 3068 or 3068.1 of the Civil Code."  *Id.*  Section 3068 in turn provides that

> if any portion of a lien includes charges for the care, storage, or safekeeping of, or for the rental of parking space for, a vehicle for a period in excess of 60 days, the portion of the lien that accrued after the expiration of that period is invalid unless Sections 10650 and 10652 of the Vehicle Code have been complied with by the holder of the lien.

Cal. Civ. Code § 3068(c)(2).  Section 10650 of the Vehicle Code sets forth certain requirements

---

[4] For a garageman's lien, unless the owner's written consent was obtained in advance, § 3068(c) limits the amount the lienholder can charge the legal owner for the release of the vehicle to $1,500 for any work or services, and $1,025 or $1,250 for any storage, safekeeping, or rental of parking space, depending on whether the lienholder applied for authorization to conduct a lien sale within thirty days of the commencement of the storage.  *See* Cal. Civ. Code § 3068(c)(1).

[5] Section 22524.5 provides that "a towing and storage charge shall be deemed reasonable if it does not exceed those fees and rates charged for similar services provided in response to requests initiated by a public agency, including, but not limited to, the Department of the California Highway Patrol or local police department," and that "[a] storage rate and fee shall also be deemed reasonable if it is comparable to storage-related rates and fees charged by other facilities in the same locale."  Cal. Veh. Code § 22524.5(c)(2).  But "[t]his does not preclude a rate or fee that is higher or lower if it is otherwise reasonable."  (*Id.*)

for record keeping of the storage of vehicles, and § 10652 requires that when a vehicle "has been stored in a garage, repair shop, parking lot, or trailer park for 30 days, the keeper shall report such fact to the Department of Justice by receipted mail, which shall at once notify the legal owner as of record." Cal. Veh. Code §§ 10650, 10652.  In other words, a lienholder can charge for only 15 days of parking/storage of a vehicle unless it sent written notice to the vehicle's legal owner, in which case it can charge for parking/storage for a period not exceeding 60 days.  A lienholder can only charge for more than 60 days of parking/storage of a vehicle if the lienholder maintained compliant written record keeping of that storage and also reported the storage of that vehicle to the Department of Justice.

2. <u>Plaintiff's Attempted Redemption and Defendant's Refusal to Release the Trailer</u>

As an initial matter, the court notes that neither party accurately briefed the governing legal standards applicable to lien sales of vehicles.  It is therefore unsurprising that neither party comprehensively addressed the many steps and requirements for a lien sale, some of which are laid out above—whether to establish the party's own compliance or the other party's non-compliance with those requirements.

For example, neither party has addressed whether defendant gave notice of the lien sale by advertising the sale in the newspaper or posting the notice in town, or whether defendant made the Trailer "available for inspection at a location easily accessible to the public for at least one hour before the sale and is at the place of sale at the time and date specified on the notice of sale," or whether defendant's sale of the Trailer was conducted "in a commercially reasonable manner." *See* Cal. Civ. Code § 3071(f)(1), (j).

In addition, defendant Mann Bros. asserts, without any admissible evidence or factual support, that it attempted to contact plaintiff several times in the seven months that the Trailer was stored on its property.  (Doc. No. 32 at 4.)  But defendant does not address whether it undertook any efforts to ascertain the Trailer's registered owner from the registration records in the Trailer or from DMV records.  Defendant does not assert that it contacted the Department of Justice to report that the Trailer had been abandoned and stored on its property after the 30th day of storage—a step that likely would have resulted in plaintiff's removal of the Trailer given that

the Department of Justice would have been required to "at once notify the legal owner." *See* Cal. Veh. Code § 10652. Defendant also does not address why it waited seven months after the Trailer was abandoned on its property before seeking authorization from the DMV for a lien sale. Further, defendant does not address the fact that the sale date per the Lien Sale Notice was June 28, 2019, and yet it sold the Trailer two months later on August 21, 2019, despite having received plaintiff's Redemption Notice on July 8, 2019 and despite having been served on August 2, 2019 with plaintiff's complaint, in which plaintiff seeks possession of the Trailer as a remedy. (*See* Doc. No. 9.) Rather, defendant argues that the Redemption Notice was invalid both because plaintiff did not provide the "payment of the amount of sale" on that date, and because the Redemption Notice incorrectly asserts that the maximum amount of the lien is $1,250 under California Civil Code § 3068(c)—a provision that applies to garageman's liens, not to defendant's lien for the parking and storage fees of the Trailer. (Doc. No. 32 at 3, 5.)[6]

In response to defendant's arguments, plaintiff argues that because the Lien Sale Notice did not state a dollar amount of the lien, plaintiff could not have paid the (unknown) amount to satisfy the lien at the time it sent its Redemption Notice to defendant. (Doc. No. 36 at 2–3.) However, plaintiff has provided neither argument nor evidence regarding whether it received the notice packet in the mail that the DMV was required to send, and which was required to include a copy of defendant's application specifying the lien amount and the basis for the lien. In its reply, plaintiff characterize its Redemption Notice as "ask[ing] for payment instructions to satisfy the lien and pay the charges rightfully owed to defendant" (Doc. No. 36 at 2), but the Redemption Notice actually states: "Please contact me with your payment instructions to satisfy the lien, which, per California Civil Code § 3068(c), shall not exceed $1,250" (Doc. No. 26-1 at 14). Even if plaintiff's characterization were to be accepted and the Redemption Notice is viewed as an invitation for defendant to respond with an amount "rightfully owed" and exceeding $1,250,

---

[6] Defendant also argues that plaintiff failed to timely execute and submit a Declaration of Opposition form and that timely execution of that form is a statutory requirement. (Doc. No. 32 at 5.) Defendant's argument in this regard lacks merit because the statute only requires a registered owner to execute the form "*if a hearing in court is desired*." Cal. Civ. Code § 3071(c) (emphasis added). Where the registered owner does not desire a hearing in court, the owner need not execute the Declaration of Opposition form.

neither party has developed the facts surrounding the purported contact from "Ernie," in which he supposedly informed plaintiff's counsel that the Trailer would not be released for less than $19,000.00. Plaintiff does not substantiate this purported fact with any evidence, or explain what exactly "Ernie" said, or whether "Ernie" had articulated a basis for that total charge. Plaintiff merely asserts in its reply brief that the demanded amount of $19,000.00 is "well above any reasonable amount plaintiff would owe to defendant in connection with redemption, and more than allowed by Cal. Civ. Code § 3068." (Doc. No. 36 at 3.) For its part, defendant altogether ignores the purported fact of a contact from "Ernie" and demand for $19,000.00. That is, defendant neither affirmatively disputes that any such contact or demand occurred, nor offers any explanation for why the amount due to satisfy the lien was supposedly $19,000.00. The court notes, however, that according to defendant's receipt for the storage of the Trailer, defendant charged $100 per day for storage. (*See* Doc. No. 26-1 at 43.) At defendant's $100 daily rate, storage for the Trailer for the 192 days between January 1, 2019 and July 12, 2019 (the supposed date of the contact from "Ernie") would have totaled $19,200.00. Thus, it is not evident from the sparse and incomplete evidentiary record before the court on summary judgment, particularly when drawing "inferences supported by the evidence in favor of the non-moving party," *see Walls*, 653 F.3d at 966, that as a matter of law, defendant wrongfully refused to release the Trailer upon plaintiff's offered payment of $1,250.00, or that defendant wrongfully refused to release the Trailer by demanding plaintiff pay $19,000.00.[7]

        The court does not speculate on what actually happened in this case, but the evidentiary showing of both parties is clearly insufficient to establish as a matter of law either that defendant complied with the applicable statutory requirements in conducting a lien sale of the Trailer, or that plaintiff complied with the applicable statutory requirements for redemption. The lackluster effort by the parties in pursuing and opposing summary judgment, respectively, has taxed the court's severely limited judicial resources and is particularly unfortunate because, by all accounts,

---

[7] To the extent the $19,000.00 amount exceeds the applicable statutory limit for storage fees—an argument that plaintiff does not make—the severely underdeveloped factual record now before the court renders it impossible to determine whether defendant's lien amount was limited to storage fees for 15 days, or 60 days, or possibly a longer period of time.

this case would have been well-suited for resolution at the summary judgment stage of the proceedings or by way of settlement.[8]

## CONCLUSION

For the reasons set forth above, plaintiff's motion for summary judgment (Doc. No. 26) is denied. The parties are directed to contact Courtroom Deputy Jami Thorp at (559) 499-5652, or JThorp@caed.uscourts.gov, within ten days of service of this order regarding the re-scheduling of the Final Pretrial Conference and Jury Trial dates in this action.

IT IS SO ORDERED.

Dated: **August 6, 2021**

_____
UNITED STATES DISTRICT JUDGE

---

[8] As the parties have been made aware, this court is operating under a judicial emergency due to the lack of adequate judicial resources. (Doc. No. 21.) That emergency has continued unabated for the last 18 months with still no nominees for this court's two district judge vacancies. The impact on the court's caseload has been devastating. The undersigned is currently presiding over 1,300 civil cases and criminal cases involving 735 defendants. Given this situation, the court can only state that it finds the briefing submitted in connection with the pending motion to be quite disappointing. The court is simply not in a position to spend the time taken to draft this order in a case such as this. The parties should consider consent to magistrate judge jurisdiction over this action or settlement and should do so having been clearly advised that no trial of this civil action is likely to occur before this court's vacancies are filled.