UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAZON LOGISTICS, INC., | No.  1:19-cv-01060-DAD-SAB |
| Plaintiff, | |
| v. | <u>TENTATIVE PRETRIAL ORDER</u> |
| MANN BROS. TRANSPORT INC., | |
| Defendant. | |
| MANN BROS. TRANSPORT INC., | |
| Counter Claimant, | |
| v. | |
| AMAZON LOGISTICS, INC., | |
| Counter Defendant. | |

On March 21, 2022, the court conducted a final pretrial conference.  Attorney Kevin M. Capuzzi appeared as counsel for plaintiff; attorney Preetpal S. Toor appeared as counsel for defendant.  Having considered the parties' joint pretrial statement and the views of the parties, the court issues this tentative pretrial order.

Plaintiff Amazon Logistics, Inc. ("Amazon") brings this civil action against defendant Mann Bros. Transport Inc., ("Mann Bros."), alleging common law claims of conversion and

1

replevin, and a federal claim for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, related to defendant's sale of plaintiff's trailer.  Mann. Bros. filed a counterclaim against Amazon, alleging a negligence claim, because Amazon's trailer was abandoned on Mann Bros.'s property.

I.  JURISDICTION/VENUE

Jurisdiction is predicated on 28 U.S.C. §§ 1331, 1332.  Jurisdiction is not contested.

Venue is proper pursuant to 28 U.S.C. § 1391(b)(1)(2).  Venue is not contested.

II.  JURY

Both parties have demanded a jury trial.  The jury will consist of nine jurors.

III.  UNDISPUTED FACTS

1. Plaintiff Amazon is the registered owner of a 2019 Hyundai Trailer, vehicle identification no. H3V532C6KT953062 (the "Trailer").

2. At all relevant times hereto, the Trailer was duly registered to plaintiff.

3. In December 2018, a third-party motor carrier was in possession of the Trailer when, for unknown reasons, the Trailer was left on defendant's premises.

4. The Trailer was on defendant's property for seven months before defendant sold it.

5. Defendant's obtained approval from the California Department of Motor Vehicles – Lien Sale Department on May 24, 2019 to conduct a lien sale for a vehicle over $4000 in value on June 28, 2019.

6. Pursuant to the Lien Sale Notice, a lien sale was scheduled to occur on June 28, 2019 (the "Sale Date").

7. The Lien Sale Notice stated under the section titled "How to Redeem the Vehicle," that a vehicle sold under Civil Code 3071 must be held available by the lienholder for redemption for 10 days after the Sale Date.

IV.  DISPUTED FACTUAL ISSUES

1. Whether defendant's lien amount was limited to storage fees for 15 days, or 60 days, or possibly a longer period of time.

/////

  2. Whether plaintiff received the notice packet in the mail that the DMV was required to send regarding the sale of the Trailer.

  3. Whether plaintiff first became aware that defendant had custody of the Trailer on June 14, 2019 or at an earlier date/time.

  4. Whether plaintiff timely exercised its right of redemption within ten (10) days after the Trailer Sale Date.

  5. Whether plaintiff indicated that it would pay the statutorily prescribed storage charges of $1,250.00 or indicated the wrong amount.

  6. Whether an individual named "Ernie" contacted plaintiff's counsel and informed counsel that the Trailer would not be released for less than $19,000.00.

  7. How "Ernie" articulated a basis for the supposed total charge of "$19,000" to release the Trailer.

  8. Whether defendant sold the Trailer or the third-party lien sale company sold it.

  9. Whether the Trailer was sold to an individual named Jasjit Singh Gill on August, 2019 for $10,000.00.

  10. Whether defendant gave notice of the lien sale by advertising the sale in the newspaper or posting the notice in town.

  11. Whether defendant made the Trailer "available for inspection at a location easily accessible to the public for at least one hour before the sale and is at the place of sale at the time and date specified on the notice of sale."

  12. Whether defendant's sale of the Trailer was conducted "in a commercially reasonable manner."

  13. Whether defendant undertook any efforts to ascertain the Trailer's registered owner from the registration records in the Trailer or from DMV records.

  14. Whether defendant complied with the applicable statutory requirements in conducting a lien sale of the Trailer, or if plaintiff complied with the applicable statutory requirements for redemption.

/////

V.	DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE

The parties have not yet filed motions *in limine*. The parties do not anticipate filing any motions *in limine*. The court does not encourage the filing of motions *in limine* unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the parties at trial. Any motions *in limine* counsel elects to file shall be filed no later than **21 days before trial**. Opposition shall be filed no later than **14 days before trial** and any replies shall be filed no later than **10 days before trial**. Upon receipt of any opposition briefs, the court will notify the parties if it will hear argument on any motions *in limine* prior to the first day of trial.

VI.	SPECIAL FACTUAL INFORMATION

Special factual information, pursuant to Local Rule 281(b)(6), is not applicable to this action.

VII.	RELIEF SOUGHT

1.	Plaintiff claims to have been damaged in an amount not less than $28,566.00, with post-judgment interest accruing thereon in accordance with 28 U.S.C. § 1961.

2.	Defendant alleges it has been damaged in an amount not less than $24,466.05, plus interest.

VIII.	POINTS OF LAW

The claims and defenses arise under both federal and state law. All of plaintiff's claims are brought against defendant. Defendant's sole negligence counterclaim is brought against plaintiff.

1.	The elements of, standards for, and burden of proof in a conversion claim.

2.	The elements of, standards for, and burden of proof in a replevin claim.

3.	The elements of, standards for, and burden of proof in a claim for declaratory judgment.

4.	The elements of, standards for, and burden of proof in a negligence.

Trial briefs addressing the points of law implicated by these remaining claims shall be filed with this court no later than **7 days before trial** in accordance with Local Rule 285.

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES[1] NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

IX.  **ABANDONED ISSUES**

None.

X.  **WITNESSES**

The parties have submitted a joint list of witness, attached hereto as **Attachment A**.

A. **The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria:**

(1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

(2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

B. Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses by filing a notice on the docket so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

(1) The witness could not reasonably have been discovered prior to the discovery cutoff;

(2) The court and opposing parties were promptly notified upon discovery of the witness;

(3) If time permitted, the party proffered the witness for deposition; and

---

[1] As the court discussed with the parties during the pretrial conference, in their objections to this tentative pretrial order, the parties shall identify which of their affirmative defenses, if any, are still asserted for the purposes of the trial of this action. To the extent that either party disagrees with the other party's identification of the affirmative defenses remaining for trial, that party may state its position in its responses to the other party's objections to the tentative pretrial order.

(4) If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

XI. EXHIBITS, SCHEDULES, AND SUMMARIES

The parties have submitted a joint list of exhibits, attached hereto as **Attachment B**. At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2. All exhibits must be pre-marked as discussed below. The parties have not submitted separate exhibit lists. Nevertheless, the court advises that no exhibit shall be marked with or entered into evidence under multiple exhibit numbers. Plaintiff's exhibits, if any, shall be listed numerically, and defendants' exhibits, if any, shall be listed alphabetically.

The parties must prepare three (3) separate exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above. Each binder shall have an identification label on the front and spine. The parties must exchange exhibits no later than **28 days before trial**. Any objections to exhibits are due no later than **14 days before trial**. The final exhibits are due **the Thursday before the trial date.** In making any objection, the party is to set forth the grounds for the objection. As to each exhibit which is not objected to, it shall be marked and received into evidence and will require no further foundation.

**The court does not allow the use of undisclosed exhibits for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria**

A. The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

(1) The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

(2) The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph B, below.

B. Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits by filing a notice on the docket so that the court may consider their admissibility at trial. The

6

exhibits will not be received unless the proffering party demonstrates:

 (1) The exhibits could not reasonably have been discovered earlier;
 (2) The court and the opposing parties were promptly informed of their existence;
 (3) The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

XII. DISCOVERY DOCUMENTS

None.

XIII. FURTHER DISCOVERY OR MOTIONS

None.

XIV. STIPULATIONS

None.

XV. AMENDMENTS/DISMISSALS

None.

XVI. SETTLEMENT

The parties have not yet participated in a court-ordered settlement conference. The parties are amenable to a settlement conference and have requested that the court set a date for a settlement conference.

Accordingly, the court will order the parties to attend a court-ordered settlement conference before Magistrate Judge Stanley A. Boone at 1:00 p.m. on April 25, 2022.

XVII. JOINT STATEMENT OF THE CASE

The parties did not provide an agreed upon statement of the case. The court will require the parties submit a joint neutral statement of the case to be read to prospective jurors no later than **14 days from the date of this order.**

XVIII. SEPARATE TRIAL OF ISSUES

None.

XIX.  IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

None.

XX.  ATTORNEYS' FEES

The parties agree that each party will pay its own attorneys' fees.

XXI.  TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS

None.

XXII.  MISCELLANEOUS

None.

XXIII.  ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is set for **May 24, 2022**, at 8:30 a.m. in Courtroom 5 before the Honorable Dale A. Drozd.  Trial is anticipated to last approximately 2 court days.  The parties are directed to Judge Drozd's standard procedures available on his webpage on the court's website.

Counsel are directed to call Mamie Hernandez, courtroom deputy, at (559) 499-5652, one week prior to trial to ascertain the status of the trial date.

XXIV. PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS

The parties shall file any proposed jury *voir dire* **7 days before trial**.  Each party will be limited to fifteen minutes of supplemental jury *voir dire*.

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts.  The parties shall file any such joint set of instructions **14 days before trial**, identified as "Joint Jury Instructions and Verdicts."  To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due **14 days before trial**.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a Word document to dadorders@caed.uscourts.gov no later than **14 days before trial**; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed **7 days before trial**; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority.  When applicable, the objecting party shall submit

an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

XXV.  TRIAL BRIEFS

As noted above, trial briefs are due **7 days before trial**.

XXVI. OBJECTIONS TO PRETRIAL ORDER

Each party is granted **14 days from the date of this order** to file objections to the same. Each party is also granted **7 days thereafter** to respond to the other party's objections.  If no objections are filed, the order will become final without further order of this court.

The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283 of this court, this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

IT IS SO ORDERED.

Dated: **March 22, 2022**

UNITED STATES DISTRICT JUDGE

**ATTACHMENT A**

Joint Witness List

1. Chris March – c/o Benesch, Friedlander, Coplan & Aronoff LLP, 1313 North Market Street, Wilmington, Delaware 19801
2. Manjinder Mann – c/o HBG Law, 4317 North Star Way, Suite B, Modesto, CA, 95356
3. Nirmal Mann – c/o HBG Law, 4317 North Star Way, Suite B, Modesto, CA 95356
4. Sakinder Mann – c/o HBG Law, 4317 North Star Way, Suite B, Modesto, CA 95356
5. "Ernie" – c/o HBG Law, 4317 North Star Way, Suite B, Modesto, CA 95356
6. Jasjit Singh Gill – third party witness

**ATTACHMENT B**

Joint Exhibit List

1. Lien Sale Notice dated May 29, 2019
2. Plaintiff's July 8, 2019 redemption notice
3. Defendant's Responses to Interrogatories and Plaintiff's First Set of Interrogatories Directed to Defendant
4. Transfer of title signed by Mr. Gill and produced by Defendant on February 21, 2020
5. Affidavit of Chris Marsh filed in support of Plaintiff's Motion for Summary Judgment on September 18, 2020.